**UNITED STATES**

**v.**

**Martin J. BRADLEY Jr., et al., Defendants.**

**No. 405CR059.**

United States District Court, S.D. Georgia, Savannah Division.

March 16, 2006.

Roy E. Black, Black, Srebnick, Kornspan & Stumpf, PA, Miami, FL, Thomas

A. Withers, Gillen, Cromwell, Parker & Withers, LLC, Savannah, GA, Alex L. Zipperer, III, Eric R. Gotwalt, Zipperer, Lorberbaum & Beauvais, Savannah, GA, Craig A. Gillen, Gillen, Parker & Withers, LLC, Atlanta, GA, John J. Ossick, Jr., Kingsland, GA, Michele A. Roberts, Akin, Gump, Strauss, Hauer & Feld, LLP, Washington, DC, Arthur W. Leach, Atlanta, GA, for Defendants.

James D. Durham, Jeffrey J. Buerstatte, U.S. Attorney's Office Savannah, GA, for Plaintiff.

## *ORDER*

EDENFIELD, District Judge.

## I. *INTRODUCTION*

This criminal RICO prosecution arises from an alleged prescription-drug-based fraud scheme advanced in varying degrees by eight individual and two corporate defendants. Doc. # 228. Several defendants have moved for F.R.Cr.P. 29(a) judgments of acquittal on portions of those mail and wire fraud racketeering acts which allege deprivations of the "intangible right of honest services." Doc. ## 486, 488, 494, addressing doc. # 228 at 29, 33–34 (Count One RAs 88–97; 116–122; 126–131). This Order will address that narrow question of law.[1]

## II. *ANALYSIS*

### A. *DeVegter* Framework

■ In a private sector intangible rights case—such as the one at bar—"[t]he na-

ture and interpretation of the duty owed is a question of federal law." *U.S. v. deVegter,* 198 F.3d 1324, 1329 (11th Cir.1999). Unfortunately, two prior Eleventh Circuit panels have expressly decided *not* to decide whether a strict fiduciary duty is required in "private sector [18 U.S.C.] § 1346 cases." *U.S. v. deVegter,* 198 F.3d at 1330; *U.S. v. Bracciale,* 374 F.3d 998, 1006 n. 9 (11th Cir.2004).[2] This Court, then, must navigate the area somewhat blindly.

According to the Eleventh Circuit, there are three categories of § 1346 intangible rights violations: (1) where defendants defraud persons of nonmonetary, intangible interests, such as a right of privacy; (2) public sector intangible rights cases, in which government officials deprive their constituents of honest governmental services by, for example, giving contracts in exchange for bribes; and (3) "in the private sector, purchasing agents, brokers, union leaders, and others with clear fiduciary duties to their employers or unions [have been] found guilty of defrauding their employers or unions by accepting kickbacks or selling confidential information." *U.S. v. deVegter,* 198 F.3d 1324, 1327 (11th Cir.1999) (citations omitted).

Nonetheless, despite that language requiring "clear fiduciary duties" in private sector cases, that court went on to add other passages that muddy the water. *See id.* at 1328–29 ("Therefore, for a private sector defendant to have violated the victim's right to honest services . . . [he] must

---

**1.** Success on this motion would remove less than 20 words from the 85–page indictment. It would not lead to the dismissal of any count or defendant.

**2.** In fact, the undersigned sat on the *Bracciale* panel. 374 F.3d at 1000. That panel was correct to avoid the issue, since a determina-

tion on it was not necessary in that case. Nevertheless, in light of the government's aggressive use of 18 U.S.C. § 1346 in this case, the time is past due for a more precise judicial definition of the "intangible right of honest services."

in each case contravene—by inherently harming—the purpose of the parties' relationship"); *id.* at 1330 ("Thus, a private sector violation of § 1346 honest services fraud involves a breach of a fiduciary duty and reasonably foreseeable economic harm"); *id.* ("We therefore need not decide ... whether a fiduciary duty is necessary in private sector § 1346 cases"). It is this Court's task, using that *deVegter* framework, to determine what type of relationship creates a § 1346 right to "honest services."

### B.  F.R.Cr.P. 29(a) Standard

■  To grant a Rule 29 motion for acquittal, "the Court must conclude, after viewing the evidence in the light most favorable to the government, that a rational jury would have to have entertained reasonable doubt as to the defendant's guilt." *U.S. v. Manolatos,* 192 F.Supp.2d 621, 624 (E.D.La.2002) (citation omitted). Here, this Court will not only give the government a favorable interpretation of the facts, but also a most favorable reading of the law-that the Eleventh Circuit does not require a strict "fiduciary duty" in a private sector § 1346 case. Nevertheless, even seen in that most favorable light, the government's evidence on this issue cannot survive a motion for acquittal.

### C.  Sufficiency of Government's Evidence

The government's apparent theory of prosecution on these intangible rights charges is that Infustat—a corporation owned by some of the defendants in this case—owed a duty of "honest services" to pharmaceutical sellers, first by virtue of signing an own-use contract to join a "group purchasing organization" (GPO) and, second, because of its certifications to a blood foundation that blood products purchased by Infustat would be used only for Infustat's own patients. 3/14/06 Transcript at 14 ("[T]he GPO contracts and the IDF [Immune Deficiency Foundation] certifications, which are required through their memorandum of understanding ... created just such a [fiduciary] relationship"); *id.* at 15 ("So essentially, by violating that covenant [the GPO and IDF own-use contracts and certifications], they committed or they caused a deprivation of the honest services to GPO and IDF"); *id.* at 17 (noting that "Infustat had a contract with the GPO," and adding, "*That* is the fiduciary relationship") (emphasis added); *id.* (citing *deVegter* as support for government's application of § 1346 in this case).

The problem with this government definition of "intangible right of honest services" is that the relationships between Infustat and the GPO on the one hand, and Infustat and the IDF on the other, are not at all similar to the types of relationships previously used to support prosecutions under § 1346. Despite the Eleventh Circuit's ambiguity as to "whether a [so-called] fiduciary duty is necessary in private sector § 1346 cases," *deVegter,* 198 F.3d at 1330, that court made clear that:

> At the heart of the fiduciary relationship lies reliance, and *de facto control and dominance.* The relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other.

*deVegter,* 198 F.3d at 1331 n. 8 (emphasis added; citation omitted).

Therefore, that court upheld the § 1346 intangible right charge against deVegter in large part *"because he was vested with a position of dominance, authority, trust, and de facto control"* in recommending an

underwriter to the county that had hired him for that purpose. *Id.* at 1331 (emphasis added). Similarly, that court blessed the application of § 1346 as to: the duty owed by a PR firm's partner to his firm, *U.S. v. Sun–Diamond Growers of Cal.,* 138 F.3d 961, 973–74 (D.C.Cir.1999); a special consultant's duty to the energy company that hired him, *U.S. v. Ballard,* 663 F.2d 534 (5th Cir. Unit B Dec.1981), *mod. on other grounds,* 680 F.2d 352 (1982); and an executive's duty to his company, *U.S. v. Pennington,* 168 F.3d 1060, 1065 (8th Cir. 1995), and *U.S. v. Bracciale,* 374 F.3d at 1002–03.

This Court simply finds no case upholding a § 1346 intangible right charge in which the alleged "fiduciary relationship" arises from an arm's length transaction between two sophisticated parties, where the party allegedly owing the duty was *not* an employee or agent of the victim and performed *no services* for the victim.

Indeed, the evidence shows that Infustat—the party which allegedly owed the duty—neither gave nor received *any* money or property to or from the GPO (Innovatix) or the IDF. To support this § 1346 charge, then, the government needed to show that the fiduciary duty was not only owed to the parties with which Infustat had contracts, but also to *third parties.* These arm's length, plain-vanilla contractual relationships are far afield of anything previously held to support a § 1346 charge. Moreover, Infustat was not known to occupy the "position of dominance" held to be crucial under § 1346. *deVegter,* 198 F.3d at 1330–31.

▮ The Court concludes, then, that the government has failed to produce sufficient evidence to find that the defendants,

through Infustat, deprived any party of "the intangible right of honest services" through mail or wire fraud. In a pre-trial ruling, the Magistrate Judge denied motions to dismiss these intangible right charges, holding that "defendants *may* have taken on duties to act honestly and fairly in their dealings with those GPOs." R & R, Doc. # 317 at 13. In a footnote, he remarked that "the government will have to prove the existence of such a duty at trial." *Id.* at 13 n. 7.[3] The government has failed to prove such a duty, as defined by the Eleventh Circuit in *deVegter.* Accordingly, the Court must grant an acquittal as to that theory of Count One racketeering acts 88–97, 116–122, and 126–131.

### D. Moving Target

Finally, the Court notes that the government's theory on the § 1346 charges has been a moving target throughout this case- and that is true right up through this week, when the government gave two different explanations in support of the intangible right charges. *Compare* doc. # 475 ¶ 4 (3/13/06) ("As to instructions on the intangible right [of] honest services ... a victim is deprived of those honest services not because the defendant has a fiduciary relationship with the victim, but because the employee he corrupts does") *with* 3/14/06 Trial Transcript at 13 ("[T]he perpetrator must have some fiduciary relation with the victim; that is to say that the defendant can deprive one of honest services if the defendant has the obligation to offer honest services").

The government's description of this § 1346 charge was also vaguely identified in the indictment, doc. # 228 at 27–29, 31–34 (alleging deprivation of intangible right

---

**3.** This Court adopted that R & R in doc.    # 331.

of honest services but failing to identify to whom or by whom a fiduciary duty was owed), nor was it described at all in the government's response to the defendants' motion to dismiss the intangible rights charges, doc. # 269 at 2–3.

On top of that, the government's proposed jury instruction on the intangible rights charges offered *yet another* description of the application of § 1346 in this case. *See* doc. # 399 at 64 (noting general rules, cited in *deVegter*, that government must show that "employee intended to breach a fiduciary duty" and that every employee "has a duty (called a fiduciary duty) to act honestly and faithfully in all of his or her dealings with the employer" without identifying, in either case, which employees and which employers were relevant).

The Court points all of this out not to criticize the prosecutors but merely to illustrate that even after years of investigating the case, the government's own attorneys cannot coherently articulate how the defendants deprived any victim of a § 1346 "intangible right of honest services." Such confusion is not surprising, given the vagueness of the statute and the cases interpreting it. This ambiguity calls for application of the rule of lenity as to the § 1346 charges in this case. *See, e.g., U.S. v. Harding,* 2006 WL 531292 at * 2 n. 2 (11th Cir.3/6/06) (unpublished).

### III. *CONCLUSION*

Accordingly, the Court *VACATES* its prior oral rulings on the defendants' motions of acquittal as to the 18 U.S.C. § 1346 "intangible right of honest services" charges. The Court now *GRANTS IN PART* the motions of acquittal filed by defendants Marlene Caceres (doc. # 488), Martin Bradley III (doc. # 494), and Ste-

phen Getz (doc. # 486). All references to the allegation that the defendants deprived victims of "the intangible right of honest services" (doc. # 228 at 28, 31) must be *REMOVED* from the indictment. Finally, the Court will delete from its jury instructions all references to these § 1346 allegations.